### KIRKPATRICK v. DAKOTA CENTRAL RAILWAY CO.

1. DISMISSAL OF APPEAL—DISTRICT COURT—ATTORNEY'S FEES—NOT ALLOWED ON—COSTS.

It is error to allow costs by way of attorney's fees upon an order

dismissing an appeal to the district court. Costs can only be given where allowed by law, or where the court grants an order by way of favor, and imposes costs as a condition therefor.

2. NOTICE OF APPEAL—IMMATERIAL ERROR IN.
    An immaterial clerical error in a notice of appeal will not be regarded.

3. SAME. OMISSION OF WORD "WHOLE"—NOTICE SUFFICIENT.
    Where it plainly appears from the notice that the appeal is from the entire judgment, and not some part thereof, the omission of the word "whole" of the judgment, in the notice, will not render the notice ineffectual.

Filed May 25, 1887.

Appeal from district court of Hand county.    Errors of law. No briefs on file.

*Love & Sterling*, for defendant and appellant.

*Melville, Kelley & Cooper*, for respondent.

McCONNELL, J.    A judgment was rendered in justice's court for Hand county, against appellant in favor of the respondent, for the sum of $57.80.    The appellant sought to appeal to the district court from such judgment.    The notice of appeal was duly served.

The notice of appeal was as follows:

"Territory of Dakota, in Justice Court, County of Hand, before H. E. Smith, Esq., J. P.

"Alexander Kirkpatrick, plaintiff, vs. the Dakota Central Railway Company, Defendant.

"Notice of appeal from judgment of justice of the peace.

"Please take notice that the defendant and appellant in the above entitled action appeals from the judgment entered therein on the 19th day of September, A. D. 1885, in favor of the plaintiff, against the defendant, for $57.80, to the district court in and for Hand county, upon the questions of both law and fact therein, and demands a new trial in the district court in and for Hand county, and a stay of all proceedings herein on the part of the plaintiff.    Yours &c.    LOVE & STERLING,
                                             Attorneys for the Defendant.

"To Melville, Kelley & Cooper, attorneys for plaintiff, and H. E. Smith, justice of the peace of the county of Hughes."

The transcript of the justice and all the papers in the case were filed with the clerk of the district court in and for Hand county. The attorneys for respondent served a notice of motion upon the attorneys for appellant as follows: " * * * * Please to take notice that at a special term of the district court * * * we will move the court to dismiss the appeal in the above case for the following reasons, namely: *First*, for the reason that the notice of appeal does not state whether the appeal is taken from the whole or a part of the judgment. *Second*, for the reason that the notice of appeal is directed to H. E. Smith, justice of the peace of the county of Hughes."

This motion was submitted to the court, which was sustained and an order was made dismissing appellant's appeal "with costs of filing this order and in addition thereto the sum of twenty dollars attorney's fees." Appellant assigns as error that the district court erred in giving respondent twenty dollars costs as attorney's fees. We think this point well taken. We know of no statute authorizing the district court to impose costs like this upon a motion of this kind. Unless the statute authorizes the district court to allow costs it should not be done; costs can only be given where allowed by law, or where the court grants an order by way of favor and imposes costs as a condition therefor. For this error alone the judgment might be modified in this court by disallowing the costs for attorney fees. The case, however, will have to be remanded to the district court for reasons hereafter to be noticed. Appellant also assigns as error the order of the district court in dismissing appellant's appeal. This point is also well taken. The order does not state the grounds upon which respondent's motion was sustained, but it is to be presumed it is one or both of the grounds assigned in respondent's notice of motion, viz: *First*, that the notice of appeal is directed to H. E. Smith, justice of the peace of the county of Hughes. *Second*, that the notice of appeal does not state whether the appeal is taken from the whole or a part of the judgment.

The first ground seems to us unworthy of serious consideration. The caption and venue of the notice shows plainly

and unmistakably that the appeal is from a judgment rendered in Hand county by H. E. Smith, a justice of the peace in and for said Hand county. The portion of the notice in which the clerical error appears, the word Hughes being used for the word Hand, is an immaterial part of the notice, not being required by the statute, and cannot be regarded as a fatal defect. The notice performed its purpose fully. It is not contended that any person was misled thereby. It advised the respondent and his attorneys of the appeal, and upon its being served upon and filed with the justice, H. E. Smith, he, in due course of time, forwarded a transcript of his docket, together with all the papers, to the clerk of the district court in and for said Hand county.

The second defect complained of in the notice of appeal is its failure to make use of the word "whole" which the attorneys for respondent argue is a fatal error. The statute says: "The notice must state whether the appeal is taken from the whole or a part of the judgment, and, if from a part, what part.   *   *   *   *"

In this case the judgment is an entirety, complete and undivided—a judgment for the sum of $57.80. The human race may be greater in sound, but not in fact, by calling it the whole human race. The language used in the notice of appeal is, "that defendant and appellant   *   *   *   appeals from the judgment entered therein on the 19th day of September, 1885, in favor of the plaintiff and against the defendant for $57.80.   *   *   *   *   *" It is impossible that the respondent or his attorneys were misled by language so plain. They could not have understood it to mean only a part of the judgment. The statute in terms requires that if the appeal is taken from a part of the judgment it must state what part of the judgment is appealed from. No statement of this kind is made in the notice of appeal.

For this error the judgment of the court below is reversed, with directions that appellant's appeal from the justice of the peace to the district court be sustained.

All the justices concurring.